Richard P. JOHNSON and Pamela
Johnson, Plaintiffs,

v.

**FIRST COLONY LIFE INSURANCE
CO., et al., Defendants.**

No. CV 98–5298–CAS(AIJX).

United States District Court,
C.D. California.
Western Division.

Nov. 10, 1998.

Gilburg & Shafai, John Z. Shafai, Los An-
geles, CA, for Plaintiffs.

Gilchrist & Rutter, Frank Gooch III, Santa
Monica, CA, for Defendants.

ORDER RE: CROSS–MOTIONS FOR
SUMMARY JUDGMENT

SNYDER, District Judge.

On May 14, 1998, plaintiffs filed a com-
plaint in Los Angeles Superior Court, seek-
ing declaratory and injunctive relief against
defendant First Colony Life Insurance Com-
pany ("First Colony"). First Colony timely
removed the matter to this Court on the
basis of diversity of citizenship. On October
1, 1998, plaintiffs filed their first amended
complaint, adding defendant Jamestown Life
Insurance Company ("Jamestown"). The
parties bring the instant cross-motions for
summary judgment on the issue of the en-
forceability of a nonassignability clause in a
structured settlement contract. It appears
that resolution of this issue will be dispositive
as to the entire case.

I. *Factual Background*

The material facts in this case do not
appear to be in dispute. In September 1992,
plaintiffs entered into a settlement agree-
ment with Rockwell International and Trav-
elers Indemnity ("Settlement Agreement"),
in settlement of a personal injury claim
against Rockwell. The settlement is in the
form of a "structured settlement," which pro-
vides periodic payments to plaintiffs in speci-
fied amounts through at least the year 2012.[1]

The Settlement Agreement contains a
clause ("the nonassignability clause") that
provides as follows with regard to the pay-
ments to be received by plaintiffs thereun-
der:

> Said payments cannot be accelerated, de-
> ferred, increased or decreased by Johnson
> and no part of the payments called for
> herein or any assets of Rockwell or Travel-
> ers are to be subject to execution or any
> legal process for any obligation in any
> manner, nor shall Johnson have the power
> to sell or mortgage or encumber same or
> any part thereof or anticipate the same or
> any part thereof by assignment or other-
> wise.

Settlement Agreement and Release, Decl. of
Thomas L. Booker, Ex. 2, at 3–4.

---

1. The Settlement Agreement provides that the
obligation to make the periodic payments may be
assigned. In April 1993, Travelers assigned the
obligation to Jamestown, who purchased an an-
nuity from First Colony to fund the payments.

On or about April 22, 1998, plaintiffs attempted to enter into a contract with Mutual BanCorp, by which terms plaintiffs would assign to Mutual BanCorp their rights to the receipt of the periodic payments, in exchange for a lump sum of an agreed upon amount. Defendants have objected to and refuse to honor the attempted assignment by plaintiffs, citing the nonassignability clause in the Settlement Agreement. Plaintiffs have filed suit, seeking enforcement of the assignment through declaratory and injunctive relief.

## II. *Standard for Summary Judgment*

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. *See* Fed.R.Civ.P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). *See also Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548. *See also Abromson v. American Pac. Corp.*, 114 F.3d 898, 902 (9th Cir.1997).

In light of the facts presented by the non-moving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631 & n. 3 (9th Cir.1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citation omitted); *Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co.*, 121 F.3d 1332, 1335 (9th Cir.1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. *See Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348.

## III. *Evidentiary Issues*

Under Fed.R.Civ.P. 56, documents upon which the parties rely to create or refute a triable issue of fact must "be authenticated by affidavits or declarations of persons with personal knowledge through whom they could be introduced at trial." *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir.1982). "A document which lacks a proper foundation to authenticate it cannot be used to support a motion for summary judgment." *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1551 (9th Cir.1989).

Although both sides have raised objections to evidence presented by their opponents,[2]

---

2. Plaintiffs have objected to the following portions of the declaration of defendants' attorney Frank Gooch III: references to the terms of the purported contract between plaintiffs and Mutual BanCorp and to documentation related thereto, on grounds of relevance. Plaintiffs have objected to the following portions of the declaration of Thomas L. Booker: (1) discussions of the tax advantages offered by Internal Revenue Code sections 104 and 130, on grounds that the discussions state legal conclusions; (2) references to sections of the Settlement Agreement and the purported contract between plaintiffs and Mutual

BanCorp, on the grounds that the documents speak for themselves; and (3) discussions of the nature of the companies to whom plaintiffs are attempting to assign their rights, on grounds of lack of foundation and relevance.

Defendants have objected to the following portions of the declaration of plaintiffs' attorney John Shafai: (1) references to another case tried by Shafai, referred to as "Horn case," on grounds of lack of foundation and relevance; (2) references to a case entitled *Stone Street Capital, Inc. v. Deborah Jackson* on grounds of lack of foundation and lack of personal knowledge. De-

the Court does not rely on this evidence in reaching its decision. Thus, the objections thereto are moot.

## IV. *Analysis*

■ It is well settled that in California there exists a strong policy in favor of enabling persons to transfer property freely. *See Benton v. Hofmann Plastering Co.,* 207 Cal.App.2d 61, 24 Cal.Rptr. 268, 273 (Ct.App. 1962). It is also well settled that parties are free to enter into contracts, and that courts should strive to give effect to the terms to which parties have agreed in a contract. *See, e.g., Parkinson v. Caldwell,* 126 Cal. App.2d 548, 552, 272 P.2d 934 (Ct.App.1954). Indeed, "parties to a written agreement have a right to rely on the written contract as the complete and final memorial of their intentions." *Magna Dev. Co. v. Reed,* 228 Cal. App.2d 230, 39 Cal.Rptr. 284, 293 (Ct.App. 1964). Thus, while parties generally have a right to transfer property freely, they may agree by contract to give up that right, and such an agreement will generally be given full effect by the courts. *See id.; Benton,* 24 Cal.Rptr. at 273. "A non-assignability clause is of course not inherently suspect, it is routinely enforced." *San Francisco Newspaper Printing Co. v. Superior Court,* 170 Cal. App.3d 438, 216 Cal.Rptr. 462, 464 (Ct.App. 1985).

■ In the instant case, the nonassignability clause very clearly prohibits plaintiffs from assigning their right to receive the proceeds of the contract. Nevertheless, plaintiffs seek to void this bargained-for provision for their own convenience, regardless of any effect it may have on defendants. In support of their position, plaintiffs make two arguments.

First, plaintiffs contend that the nonassignability clause is for their benefit and, therefore, they are free to waive it. Plaintiffs base this argument on a long analysis of Internal Revenue Code sections 104 and 130,[3] contending that the nonassignability clause reflects the requirements that preserve the favorable tax treatment of the structured settlement for their benefit. This argument lacks merit. Plaintiffs do not point to any requirement in the Internal Revenue Code that a structured settlement agreement must lay out the restrictions of sections 104 and 130 in order for them to retain their favored tax treatment. Furthermore, plaintiffs never explain how an express prohibition against assignment, in particular, is beneficial to them. To the contrary, it seems plain that, because the clause mirrors language in section 130, relating to the tax treatment of the assignee of the *liability,* the clause was included solely for the benefit of the defendants.[4] This view is in accord with California law, where it is clear that "clauses restricting assignability are for the benefit of the obligor." *Benton,* 24 Cal.Rptr. at 273 (citing 5 Cal. Jur.2d 272). As such, only the obligors, in this case the defendants, would have the right to waive the restriction on assignment. *See id.* Plaintiffs are attempting to turn this basic concept on its head. Indeed, it defies all logic that a party could have the right to waive a term that, by its unambiguous language, restricts that party's own behavior. Plaintiffs have, therefore, failed to overcome

---

fendants have objected to the following portion of the declaration of Richard P. Johnson: reference to an alleged prior assignment, on grounds of lack of foundation, hearsay, speculation and lack of personal knowledge. Defendants have objected to the following portion of the declaration of Kenneth R. Barnett: reference to declarant's opinion about the administrative impact of assignment on defendants, for lack of foundation and speculation.

**3.** Internal Revenue Code § 104(a)(2) provides that "the amount of any damages received ... on account of personal injuries or sickness" is not counted in gross income for purposes of income taxation. 26 U.S.C. § 104(a)(2). Internal Revenue Code § 130 provides that a company to whom the "liability to make periodic payments

as damages" is assigned will not be taxed on the amount received to make the payments, as long as the amount received does not exceed the cost of the assets required to fund the payments. 26 U.S.C. § 130. To qualify for this exclusion from taxation, the assignment of the liability must be a "qualified assignment," which means that the periodic payments "cannot be accelerated, deferred, increased, or decreased by the recipient of such payments." 26 U.S.C. § 130(c)(2)(B).

**4.** Defendants assert that if the right to receive payments were assignable, there would be a risk that the tax treatment accorded to them could change. It appears that this uncertainty is what defendants wished to eliminate by including the nonassignability clause.

the presumption that the nonassignability clause is for the benefit of the obligor defendants, let alone prove that this particular clause is solely for plaintiffs' benefit, and therefore waivable at their option. The nonassignability clause is simply a condition of the contract, for which the parties bargained, and upon which defendants have a right to rely.

The second theory under which plaintiffs attempt to avoid this condition of their contract is their assertion that the nonassignability clause is somehow unenforceable. In support of this theory, plaintiffs assert that the nonassignability clause is an unreasonable restraint on alienation of property. However, the authority cited by plaintiffs on this issue deals only with restraints on the alienation of real property. Plaintiffs cite no authority under which a nonassignability clause in a contract dealing with property other than real property has been found to be an unreasonable restraint on alienation. In fact, as discussed above, nonassignability clauses are routinely upheld as valid in California. *See, e.g., San Francisco Newspaper Printing Co. v. Superior Court,* 170 Cal. App.3d 438, 216 Cal.Rptr. 462, 464 (Ct.App. 1985). *See also Recorded Picture Co. v. Nelson Entertainment, Inc.,* 53 Cal.App.4th 350, 61 Cal.Rptr.2d 742, 752 (Ct.App.1997) (declining to apply the principle against restraints on alienation to a motion picture distribution contract because "no such principle applies to the non-real property at issue here.... [A]nalogies to real property law do not support [the] requested relief."). Thus, plaintiffs' argument that the nonassignability clause is an unreasonable restraint on alienation is untenable.

Plaintiffs also argue that the California Commercial Code supports the argument that the nonassignability clause is unenforceable. However, plaintiffs never demonstrate how the California Commercial Code applies, even by analogy, to this contract. Clearly, it does not. Thus, plaintiffs have failed to prove that the nonassignability clause is unenforceable. Because the nonassignability clause is enforceable, plaintiffs' attempt to assign their rights under the contract cannot be enforced. As such, plaintiffs' claims for declaratory and injunctive relief fail as a matter of law.

### V.  *Conclusion*

Plaintiffs have failed to demonstrate any reason why the Court should not give effect to the nonassignability clause of their Settlement Agreement. Consequently, plaintiffs' attempt to assign their rights under the contract cannot be enforced and their request for declaratory and injunctive relief fails as a matter of law. Therefore, plaintiffs' motion for summary judgment is denied and defendants' motion for summary judgment is granted.

### JUDGMENT

Pursuant to the Court's memorandum and order dated November 10, 1998, granting defendants' motion for summary judgment, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendants shall have judgment against plaintiffs, plaintiffs shall take nothing by their complaint.