JOHN M. PIASECKI, Petitioner-Appellee, v. LIBERTY LIFE ASSURANCE COMPANY OF BOSTON *et al.*, Intervenors-Appellants (Stone Street Capital, Inc., Intervenor-Appellee).—DAVID E. PIASECKI, Petitioner-Appellee, v. LIBERTY LIFE ASSURANCE COMPANY OF BOSTON *et al.*, Intervenors-Appellants (Stone Street Capital, Inc., Intervenor-Appellee).

Third District   Nos. 3—99—0159, 3—99—0160 cons.

Opinion filed April 10, 2000.—Rehearing denied May 18, 2000.

Laura A. Smith (argued) and William A. Chittenden III, both of Peterson & Ross, of Chicago, for appellants.

Paul J. Gaynor (argued), Alex Pirogovsky, and Todd L. Padnos, all of Schwartz, Cooper, Greenberger & Krauss, Chartered, of Chicago, for appellee Stone Street Capital, Inc.

Carl F. Schroeder, of Wheaton, for appellee John M. Piasecki.

JUSTICE LYTTON delivered the opinion of the court:

After Donald and Eileen Piasecki (decedents) died in a motor vehi-

cle accident, the co-administrators of the decedents' estates entered into a structured settlement agreement with the original defendants, Nussbaum Trucking, Inc., and Charles Ward (defendants). Two of the decedents' sons, John and David Piasecki (Piaseckis), assigned their future payments under the settlement agreement to Stone Street Capital, Inc., in exchange for lump-sum payments. The defendants' insurers objected. The trial court allowed the assignment. We reverse.

The co-administrators of the decedents' estates entered into a structured settlement agreement with the defendants arising out of a wrongful death claim. Under this agreement, the defendants would provide the decedents' three sons an initial lump-sum payment, followed by a stream of quarterly future payments. The settlement barred the payees from assigning their interests in the future payments.

The settlement agreement also contained a qualified assignment clause under which the defendants and their insurer, Liberty Mutual Insurance Company, could assign their liability for making the periodic payments to Keyport Life Insurance Company; a separate assignment was executed. The settlement agreement also allowed Keyport to contract with Liberty Life Assurance Company of Boston to fund the payments.

In 1998, the Piaseckis assigned their periodic payments to Stone Street in exchange for lump-sum payments. They sought approval of the assignments from the trial court under section 155.34 of the Illinois Insurance Code (215 ILCS 5/155.34 (West 1998)), but Liberty Life and Keyport (together, the insurers) were not notified of these proceedings. The trial court approved the assignments.

After receiving notice of the orders allowing the assignments, the insurers filed petitions to vacate and to intervene. The trial court granted the petitions. The Piaseckis then filed amended petitions to assign. The trial court found the antiassignment clauses "unenforceable" and again granted the Piaseckis' petitions to assign.

■ When construing a contract, a reviewing court must determine and effectuate the meaning of the plain and ordinary language of the parties' contract *de novo*. *Gray v. Mundelein College*, 296 Ill. App. 3d 795, 803 (1998).

Paragraph 4 of the settlement agreement states, in relevant part:

"Plaintiffs [Piaseckis] acknowledge that the Periodic Payments cannot be accelerated, deferred, increased or decreased by the Plaintiffs or any Payee; nor shall the Plaintiffs or any Payee have the power to sell, mortgage, encumber, or [*sic*] any part thereof, by assignment or otherwise."

The settlement agreement also allowed Liberty Mutual to "make

a 'qualified assignment' " to Keyport for the future periodic payments. The qualified assignment included similar antiassignment language: "None of the Periodic Payments may be accelerated, deferred, increased or decreased and may not be anticipated, sold, assigned or encumbered." The qualified assignment also indicates that the Piaseckis did not have "any rights of ownership or control over the 'qualified funding asset' or against the Annuity Issuer [Liberty Life]."

The Piaseckis contend that the antiassignment clause is unenforceable in Illinois because it is against public policy in that it conflicts with Restatement (Second) of Contracts § 317(2) (1981), which generally permits assignment of contractual rights.

■ The insurers respond that the trial court erred by failing to enforce the terms of the settlement agreement barring the assignment of the periodic payments. The insurers argue that section 317(2) of the Restatement precludes the assignment in this case because they might suffer adverse tax consequences when the future payments to the Piaseckis were accelerated.

Section 317(2) of the Restatement states:

"A contractual right can be assigned unless (a) the substitution of a right of the assignee for the right of the assignor would materially change the duty of the obligor, or materially increase the burden or risk imposed on him by his contract, *** or materially reduce its value to him, *** or (c) assignment is validly precluded by contract." Restatement (Second) of Contracts § 317(2) (1981).

In *Henderson v. Roadway Express*, 308 Ill. App. 3d 546, 720 N.E.2d 1108 (1999), the fourth district addressed the same issue confronting us here. The court found that although antiassignment provisions are narrowly construed, there are valid reasons to uphold them in the context of structured settlement agreements. The language in the contract mirrored section 130 of the Internal Revenue Code of 1986 (Code) (26 U.S.C. § 130 (1994)), which grants favorable tax treatment to assignees of liability under certain prescribed circumstances. *Henderson*, 308 Ill. App. 3d at 550-51, 720 N.E.2d at 1112. The inclusion of this language in the settlement indicated that the parties had bargained for the antiassignment provision and intended to benefit from the favorable tax treatment it provided. The court added that the likelihood of adverse tax consequences resulting from the assignment of the future payments was less important than "the fact that the parties implemented the antiassignment provisions with these concerns in mind." *Henderson*, 308 Ill. App. 3d at 552, 720 N.E.2d at 1113. Under those circumstances, the court refused to discard or waive the bargained-for provisions in the settlement agreement. See *Grieve v. General American Life Insurance Co.*, 58 F. Supp. 2d 319, 323-24 (D.

Vt. 1999); *Johnson v. First Colony Life Insurance Co.*, 26 F. Supp. 2d 1227, 1229-30 (C.D. Cal. 1998).

■ We agree with this reasoning. The antiassignment clause falls within an exception to the general rule in section 317(2) of the Restatement. This exception permits the barring of an assignment if the assignment "would materially change the duty of the obligor, or materially increase the burden or risk imposed on him by his contract." Restatement (Second) of Contracts § 317(2) (1981).

Furthermore, because the antiassignment language in the settlement agreement mirrors the Code, the parties clearly intended to benefit from these tax provisions. See *Henderson*, 308 Ill. App. 3d at 550, 720 N.E.2d at 1113. We will not disregard the intentions of the parties when they executed the agreement. See *Foxfield Realty, Inc. v. Kubala*, 287 Ill. App. 3d 519, 523-24, 678 N.E.2d 1060, 1063 (1997).

The antiassignment clause of the structured settlement agreement should be enforced. We reverse the trial court's orders approving the assignment of the future periodic payments from the Piaseckis to Stone Street.

## CONCLUSION

Since we reverse the trial court for the above-stated reasons, we need not address the remaining arguments raised on appeal. The judgment of the circuit court of Will County is reversed.

Reversed.

BRESLIN and KOEHLER, JJ., concur.